NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MURRIEL L. HAYS, | No. 23-55165 |
| Plaintiff - Appellant, | D.C. No. 5:21-cv-01997-RAO |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Rozella Ann Oliver, Magistrate Judge, Presiding

Submitted March 29, 2024[**]
Pasadena, California

Before: GOULD, IKUTA, and FORREST, Circuit Judges.

Claimant Murriel Hays appeals from the district court's ruling affirming the

Commissioner of Social Security's denial of her applications for disability insurance

benefits. We review the district court's order de novo and reverse only if the

Administrative Law Judge's (ALJ) decision was not supported by substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence or was based on legal error. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020). We affirm.

1. ***Step-Three Determination.*** Hays contends that the ALJ erred at step three of the sequential evaluation process by concluding that Hays's impairments do not meet or equal the severity of Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety and obsessive-compulsive disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00(A)(2), 12.04 and 12.06. Specifically, Hays argues that the ALJ erred by evaluating Hays's mental impairments under obsolete versions of these Listings. However, Hays identifies no specific evidence to support this assertion. The ALJ's opinion cites and discusses Listings 12.04 and 12.06, paraphrasing the entirety of 12.04(B) and 12.06(B). There is no reason to conclude that the ALJ applied obsolete versions of the Listings as Hays contends.

Additionally, substantial evidence supports the ALJ's conclusion at step three of her analysis that Hays did not meet or equal Listings 12.04 or 12.06. The ALJ found that Hays has only mild or moderate limitations, not marked limitations, based on Hays's mental status examinations in the record and Hays's self-reported daily activities. Hays's argument that Dr. Mark Peterson found 17 marked or extreme limitations in the four areas of mental functioning fails because the section of Dr. Peterson's report relied on by Hays provided only Hays's self-reported symptoms.

2

**2.** ***Evaluation of Medical Evidence.*** Hays also argues that the ALJ erred by using an obsolete framework to weigh the medical opinions in the record. Again, there is nothing in the ALJ's decision to support that claim. The new framework, 20 C.F.R. § 404.1520c (a), (c), eliminated the hierarchy of medical opinions that prioritized the views of treating physicians, and instead requires the ALJ to evaluate the persuasiveness of all medical opinions primarily on the basis of supportability and consistency. *See Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). The ALJ's decision is consistent with the new framework. The ALJ evaluated each medical opinion's persuasiveness based on the extent to which it was supported by objective medical findings and its consistency with the evidence in the record, and the ALJ's conclusions are supported by the evidence in the record. *Id.* at 791-92.

**AFFIRMED.**